EDNA E. BLACKMAR *vs.* EDWARD McLOUGHLIN.

PROVIDENCE—NOVEMBER 29, 1899.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Equitable Assumpsit. Existence of Trust.*

In an action of equitable assumpsit based upon a trust arising in favor of a plaintiff from the receipt of money by a defendant, where the latter denies the trust relation, the question of fact as to the existence of the trust is for the jury.

An agreement by all the parties in interest that a fund in the hands of a party shall constitute a trust is sufficient to raise an implied promise in favor of those within its contemplation, whereon to sustain an action of equitable assumpsit.

ASSUMPSIT for money had and received. Heard on petition of defendant for a new trial. New trial denied.

(1) PER CURIAM. The plaintiff claims the right to recover from the defendant on the ground that he held the money received from the sale of the copartnership property on a certain trust, viz., to pay the outstanding bills of the firm, to pay Blackmar, one of the partners, $100, and the balance to the other partner, McGovern. The plaintiff's testimony tends to show such an understanding and agreement between the copartners and McLoughlin, and a further acknowledgment of it by McLoughlin in his promise to pay the plaintiff when the full amount of money should come into his hands. The testimony of the defendant denies such an arrangement, and thus raises a question of fact. As the plaintiff's claim is corroborated by the conduct of McLoughlin in paying to Blackmar his share of the proceeds, $100, and by also retaining $104 to pay outstanding bills, we think the jury were

warranted in finding that such a trust had been agreed to. *R. I. Hospital Trust Co.* v. *Manchester*, 16 R. I. 308.

The defendant claims that the plaintiff's testimony does not show that either she or her husband was present when the money was paid over to McLoughlin, and that a trust was constituted at that time. It does tend to show the constitution of the trust before the money was fully paid. But however this may be, the agreement to the trust by all the parties while the money was in McLoughlin's hands would be sufficient.

New trial denied and case remitted to the Common Pleas Division with direction to enter judgment on the verdict.

*F. P. Owen*, for plaintiff.

*Wm. G. Rich*, for defendant.